Citation Nr: AXXXXXXXX
Decision Date: 07/30/21 Archive Date: 07/30/21

DOCKET NO. 190609-13289
DATE: July 30, 2021

REMANDED

Entitlement to service connection for gastrointestinal disability, to include an abdominal pain disorder, functional abdominal pain syndrome, and/or gastroesophageal reflux disease (GERD), is remanded.

Entitlement to service connection for sleep apnea, to include as secondary to service-connected disability, is remanded.

REASONS FOR REMAND

The Veteran served on active duty from June 1969 to August 1973, from October 1974 to May 1982, and from November 1982 to April 1991, which includes service in the Republic of Vietnam and the Southwest Asia theater of operations. His awards include the Combat Action Ribbon.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). The law creates a new framework for veterans dissatisfied with VA's decision on their claim to seek review, and this decision has been written consistent with the new AMA framework.

The rating decision on appeal was issued in May 2019. In June 2019, the Veteran selected the Direct Review docket for this appeal; the Board will therefore consider only the evidence of record as of the date the May 2019 rating decision was issued. See 38 C.F.R. § 20.301.

In June 2020, the Board denied entitlement to service connection for an abdominal pain disorder, to include functional abdominal pain syndrome and/or GERD and entitlement to service connection for sleep apnea. The Veteran appealed the Board's decision to the United States Court of Appeals for Veterans Claims (Court). In February 2021, the Court granted a January 2021 Joint Motion for Remand (JMR) filed by counsel for the Veteran and VA, vacated the June 2020 Board decision, in part, and remanded the issues of entitlement to service connection for an abdominal pain disorder, to include functional abdominal pain syndrome and/or GERD, and sleep apnea to the Board for readjudication in compliance with the JMR.

As for characterization of the issues on appeal, in light of the Veteran's reported symptoms and contentions and to encompass all disorders that are reasonably raised by the record, the Board has re-characterized the claim of service connection for an abdominal pain disorder, to include functional abdominal pain syndrome and/or GERD, as a claim of service connection for gastrointestinal disability, to include an abdominal pain disorder, functional abdominal pain syndrome, and/or GERD. See Clemons v. Shinseki, 23 Vet. App. 1 (2009) (holding that, in determining the scope of a claim, the Board must consider the claimant's description of the claim, the symptoms described, and the information submitted or developed in support of the claim; claim should not be limited to the disorder as characterized by the Veteran, but must be characterized and addressed based on the reasonable expectations of the non-expert claimant and the evidence in processing the claim).

As a final preliminary matter, evidence was added to the claims file during a period of time when new evidence was not allowed. As the Board is remanding the claims of service connection for gastrointestinal disability, to include an abdominal pain disorder, functional abdominal pain syndrome, and/or GERD and sleep apnea for further development, this additional evidence will be considered by the agency of original jurisdiction (AOJ) in the adjudication of those claims.

1. Entitlement to service connection for gastrointestinal disability, to include an abdominal pain disorder, functional abdominal pain syndrome, and/or GERD, is remanded.

2. Entitlement to service connection for sleep apnea, to include as secondary to service-connected disability is remanded.

The issues of entitlement to service connection for gastrointestinal disability, to include an abdominal pain disorder, functional abdominal pain syndrome, and/or GERD and entitlement to service connection for sleep apnea are remanded to correct a duty to assist error that occurred prior to the May 2019 rating decision on appeal. The parties to the February 2021 JMR agreed that the Board failed to consider and apply 38 C.F.R. § 3.317 related to the claims of service connection for gastrointestinal disability, to include an abdominal pain syndrome and/or GERD and entitlement to service connection for sleep apnea despite the Veteran's qualifying service in Southwest Asia and despite the fact that the Board remanded several other issues for a VA examination to address 38 C.F.R. § 3.317. The parties to the February 2021 JMR further agreed that the Board failed to properly address whether VA examinations should be conducted related to the Veteran's claims. Finally, the parties agreed that the Board failed to address whether the theory that the Veteran's sleep apnea is secondary to his service-connected posttraumatic stress disorder (PTSD) was reasonably raised by the record.

In February 2019, the Veteran submitted a private opinion related to his sleep apnea. The private examiner noted the Veteran's diagnosis of sleep apnea and opined that it was as likely as not that the condition is related to his PTSD. The private examiner further opined that the Veteran's sleep apnea is directly related to his active service. However, the examiner did not provide a rationale for the opinions provided. As such, the February 2019 private opinion is not adequate for decision making purposes.

The AOJ obtained a VA examination related to the Veteran's respiratory condition in April 2019. The VA examiner opined that the Veteran's sleep apnea was not incurred in, caused by, or aggravated by service. There is no evidence that the AOJ scheduled the Veteran for a VA examination related directly to his sleep apnea. Based on the February 2019 private opinion, the Board concludes that the threshold for providing an examination has been met, and that the issue must be remanded so that the Veteran may be provided an examination as to his claimed sleep apnea. See 38 U.S.C. § 5103A (d)(2); 38 C.F.R. § 3.159 (c)(4)(i); McLendon v. Nicholson, 20 Vet. App. 79, 81 (2006).

In February 2019, the Veteran submitted a private opinion related to his abdominal pain. The private examiner reported that the Veteran is diagnosed with functional abdominal pain syndrome, which has been present since Gulf War service without hiatus. The private examiner opined that it was as likely as not that the condition is directly related to Gulf War Syndrome. However, the private examiner did not provide a rationale for the opinion provided. As such, the February 2019 private examination is not adequate for decision making purposes. 

In April 2019, the Veteran was provided a VA stomach and duodenal conditions examination. The VA examiner noted that the Veteran does not have a current stomach or duodenum condition. The VA examiner noted the Veteran's diagnosis of GERD and opined that the condition was less likely than not related to his active service. As rationale, the VA examine merely stated that the Veteran's medical records are negative for GERD in service or in close proximity to service. However, the VA examiner did not address whether the Veteran's gastrointestinal symptoms may have had their onset during his active service, may be a functional gastrointestinal disorder, or may be a sign or symptom of an undiagnosed illness or medically unexplained chronic multisymptom illness. 

The matters are REMANDED for the following action:

1. Schedule the Veteran for a VA examination to determine the nature and etiology of his sleep apnea. Provide a copy of this remand and the record for the examiner to review. Any and all studies, tests, and evaluations deemed necessary by the examiner should be performed. The examiner must address the following:

(a.) Provide an opinion as to whether it is at least as likely as not that any sleep apnea experienced by the Veteran since approximately February 2019 (a) had its onset during any period of active service or (b) is otherwise etiologically related to the Veteran's service, including environmental exposures in Southwest Asia during the Persian Gulf War. The opinion must reflect consideration of the February 2019 private opinion, which indicates that the Veteran's sleep apnea is directly related to his active service. 

(b.) If not, the clinician should also provide an opinion as to whether it is at least as likely as not that any sleep apnea experienced by the Veteran since approximately February 2019 has at least a partially understood pathophysiology AND etiology. Consideration must be given to the Veteran's reported symptoms.

(c.) If not, do any of the Veteran's sleep symptoms experienced since approximately February 2019 represent an objective indication of chronic disability resulting from (1) an undiagnosed illness; OR (2) a medically unexplained chronic multisymptom illness without conclusive pathophysiology OR etiology?

(d.) If not, is it at least as likely as not that any sleep apnea experienced since approximately February 2019 is proximately due to or the result of the Veteran's service-connected disabilities, specifically to include his service-connected PTSD? 

Rationale must be provided for the opinion proffered. In rendering the requested rationale, the examiner must note that it is not required that the sleep apnea is shown to be "predominantly" due to or the result of PTSD, but rather, whether there is any contributing degree of etiological relationship to PTSD.

(e.) If not, is it at least as likely as not that any sleep apnea experienced by the Veteran since approximately February 2019 is aggravated beyond natural progression by his service-connected disabilities, specifically to include his service-connected PTSD. 

Rationale must be provided for the opinion proffered. In rendering the requested rationale, the examiner must note that it is not required that the sleep apnea is shown to be aggravated beyond natural progression "predominantly" by PTSD, but rather, whether there is any contributing degree of aggravation beyond natural progression by the service-connected PTSD. Also, it is not required that the sleep apnea is shown to be permanently aggravated by service-connected disability, but rather, aggravation in this context refers to any incremental increase in disability attributable to service-connected disability regardless of its permanence.

The examiner must provide reasons for each opinion given.

2. Schedule the Veteran for a VA examination to determine the nature and etiology of his claimed gastrointestinal disability, to include abdominal pain disorder, functional abdominal pain syndrome, and/or GERD. Provide a copy of this remand and the record for the examiner to review. Any and all studies, tests, and evaluations deemed necessary by the examiner should be performed. The examiner must address the following:

(a.) Provide an opinion as to whether it is at least as likely as not that any gastrointestinal disability experienced by the Veteran since approximately February 2019 (including, but not limited to, abdominal pain disorder, functional abdominal pain syndrome, and GERD (a) had its onset during any period of active service or (b) is otherwise etiologically related to the Veteran's service, including the gastrointestinal symptoms documented in his service treatment records and environmental exposures in Southwest Asia during the Persian Gulf War. The opinion must reflect consideration of the February 2019 private opinion, which indicates that the Veteran had gastrointestinal symptoms during his active service and are thus at least as likely as not related to his active service.

(b.) If not, the clinician should also provide an opinion as to whether it is at least as likely as not that any diagnosable gastrointestinal disability experienced by the Veteran since approximately February 2019 (including, but not limited to, GERD) has at least a partially understood pathophysiology AND etiology. Consideration must be given to the Veteran's reported symptoms.

(c.) If not, do any of the Veteran's gastrointestinal symptoms experienced since approximately February 2019 represent an objective indication of chronic disability resulting from (1) an undiagnosed illness; OR (2) a medically unexplained chronic multisymptom illness without conclusive pathophysiology OR etiology?

The examiner must provide reasons for each opinion given.

 

 

Brian J. Elwood

Acting Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board B. G. LeMoine, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.